MARJORIE E. LEIDY, Appellant, Respondent, v. FREDERIC WILLIAM PROCTER, Respondent, Appellant.

First Department, June 7, 1929.

*Carroll G. Walter* of counsel [*J. Frederick Eagle* with him on the brief; *Patterson, Eagle, Greenough & Day*, attorneys], for the plaintiff.

*Kenneth E. Walser* of counsel [*Kenneth M. Spence* with him on the brief; *Spence, Hopkins & Walser*, attorneys], for the defendant.

FINCH, J. The parties to this action formerly were married, and there are two children of the marriage. The plaintiff here seeks to recover the sum of $5,129.98 which she claims to have expended for the support of the children, in excess of $2,700 received from and credited to the defendant. Her claim is based upon a separation agreement between the parties, which, in so far as material, provides as follows: "*First*. The husband agrees with the wife to pay for the support, maintenance, education, care and custody of said children until they shall reach the age of twenty-one years, respectively, and for that purpose hereby agrees to pay to the wife on the first day of each month to and including February 1, 1927, $400, and thereafter on the first day of each month a minimum of $200 per month, on the understanding that the actual amount to be paid shall be dependent upon the reasonable requirements of said children."

The answer set up three affirmative defenses. The first and third defenses are to the effect that the amounts paid by the defendant were in full satisfaction of his obligations for the support of the children, and were so accepted by the plaintiff. The second defense repeats the same plea of accord and satisfaction but for a different period from that stated in the first defense, and further alleges a subsequent oral modification of the separation agreement, whereby it was agreed that the defendant should pay only $100 a month for the support and maintenance of the son during the continuance

of a serious illness with which the daughter was afflicted. This because all the heavy expenses of medical treatment for the daughter, including care and maintenance, were borne by the defendant and his mother, the plaintiff thus being relieved of any expense whatsoever in connection with the daughter.

The plaintiff moved for an order striking out the defendant's answer and for summary judgment. The court granted the motion to the extent only of directing judgment for the plaintiff upon certain items of the claim, aggregating $979.94, regarding the reasonableness of which the court stated there was no dispute, and otherwise denied the motion. Both parties appeal.

The first question thus presented is the sufficiency of the defenses. All these defenses are based upon the acceptance by the plaintiff of the minimum amount of $200 a month, which the defendant was obligated to pay under the separation agreement, said minimum amount being further refused, if the evidence at the trial proves the alleged modification agreement set forth in the second defense. But these minimum amounts the defendant was absolutely obligated to pay. The amount was liquidated and not in dispute. Therefore, by these minimum payments there was no compromise of any dispute between the parties by liquidation of an unliquidated claim disputed as to amount. No detriment has been suffered by the plaintiff, and hence there is no consideration. Under the separation agreement between the parties the defendant might be liable for more than the minimum payments, but as to the latter payments, his obligation was absolute. Had there been a compromise by a payment in settlement of plaintiff's claim for additional expenditures in excess of the minimum payments, a different situation would be presented.

There were thus lacking necessary elements to a defense of accord and satisfaction. As was said by Judge MAYNARD in *Fuller* v. *Kemp* (138 N. Y. 231, 237): "Where the demand is liquidated and the liability of the debtor is not in good faith disputed, * * * the acceptance of a less sum than is the creditor's due, will not of itself discharge the debt, even if a receipt in full is given. The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied."

In the case at bar the defendant in effect is claiming an accord and satisfaction of an unliquidated claim by the payment of a liquidated amount concededly due. Such facts do not constitute an accord and satisfaction. As was said by Judge CHASE in *Mance* v. *Hossington* (205 N. Y. 33): "The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability." ◆

It follows that the defense of accord and satisfaction is insufficient in law and should have been stricken out.

The second defense has the same plea of accord and satisfaction, but with regard to payment covering a different period, and as to the balance sets up a modification agreement which, though oral, is alleged to have been fully executed. This latter allegation as to having been fully executed saves this defense from the operation of the rule against an oral modification of an agreement under seal. (*McCreery* v. *Day*, 119 N. Y. 1.)

The order, therefore, is correct in so far as it refused to strike out the second defense of modification of the agreement.

Considering next the granting of a partial summary judgment for certain items of plaintiff's claim: The plaintiff sued upon the claim as a whole, and the defendant has made payments against the claim as a whole. The defendant has a right to have the amount that he has paid on account applied as a setoff against any amount due, hence the defendant should have a right to have his $2,700 applied as a setoff against the $979.94, being a part of the entire claim, since the plaintiff may not be able to prove that she is entitled to more than the sum of $2,700 already received. In other words, the defendant may be entitled to have his $2,700 applied against the items represented by the $979.94 instead of as applied generally by the plaintiff.

The Special Term properly refused to grant summary judgment for the balance of the claim, as there exist issues of fact concerning the reasonableness and necessity of many of these additional expenditures, having regard to the amounts already received and the situation in life of the parties. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464.)

The order appealed from should be modified by granting the motion to strike out the answer only so far as to strike out the first and third defenses and to amend the second defense by eliminating therefrom the allegations as to accord and satisfaction, and by denying the motion for summary judgment in toto, and as so modified affirmed, without costs, with leave to the defendant to serve an amended answer within ten days from service of order with notice of entry thereof.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, without costs, with leave to defendant to serve an amended answer within ten days from service of order.