ETILITA WILSON, Plaintiff, *v.* SCOTT WILSON, Defendant.

Supreme Court, Special Term, New York County, June 8, 1943.

*Walter B. Kempner* for plaintiff.

No appearance for defendant.

EDER, J. Ex parte application for a declaratory judgment in an action brought pursuant to section 1132 of the Civil Practice Act to declare plaintiff's marriage void, it being alleged that the defendant was at the time of entering into said marriage then lawfully wedded and that such prior marriage was in full force and effect. The defendant was duly served but has defaulted in appearance and answer and is now in default.

The relief sought by plaintiff cannot be granted; formal proof must be made of the allegations of the complaint; in a formal action to annul a marriage it is expressly provided that no judgment shall be rendered annulling the marriage for want of an appearance or pleading, or upon the trial (Civ. Prac. Act, § 1143; see, also, Rules Civ. Prac. rule 275), and the same procedure must obtain in an action for a declaratory judgment to declare a marriage void, which, in effect, accomplishes the same result; in the one instance, as in the other, it appears to be regarded as an essential public policy that formal proof must be presented and there is a distinct aversion to permitting judgment by default.

It appears to be a uniform rule and procedure that in a declaratory judgment action judgment by default will not

be allowed; thus in *Griscti* v. *Mortgage Commission* (249 App. Div. 632), the court said: "The order denying her motion for a declaratory judgment is affirmed, without costs. Her right to that judgment, which may be granted in the discretion of the court, will depend on the proof she adduces on the trial and not on the mere fact that one party is in default." And see *Vonherberg* v. *City of Seattle* (20 F. 2d 247), wherein it is said: "Issuable facts are tendered, and the court may not determine those facts upon *ex parte* affidavits." In another case the view expressed is that it takes proof to warrant the granting of declaratory relief and not an unsustained pleading or prayer not having any evidence to warrant granting it. (*Nusbaum* v. *Glickman,* 57 R. I. 506.)

It follows from the foregoing that the application for judgment must be denied.