VIRGINIA A. VANDEMORTEL, Plaintiff, *v.* EUGENE VANDEMORTEL, Defendant.

Supreme Court, Trial Term, Ontario County, March 30, 1953.

*Joseph A. Haney* for plaintiff.

*Harold J. Stiles* for defendant.

HENRY, J.   The separation agreement, entered into by the parties, October 11, 1950, provided that the husband pay the wife $10 per week for the support, maintenance and education of the child of the parties.   The husband was to have the right to visit the child on alternate Saturdays and Sundays and the right to take the child from the wife's home to his own home at those times.   The defendant herein, the husband, made his payments under the agreement up to the week commencing April 29, 1951, and did not pay thereafter.   Plaintiff's action is for the weekly $10 payments from April 29, 1951, to June 21, 1952, being sixty weeks.

The plaintiff alleges that she has duly performed all the conditions on her part to be performed.   The defendant alleges as an affirmative defense a modification or rescission and novation of the separation agreement between the parties as of April 29, 1951, to the effect that the parties agreed that the husband should not pay the weekly payments " unless he saw the child of the parties regularly as provided in said written agreement " and alleges that the defendant duly performed all the conditions of such contract as " waived, abandoned, rescinded and/or modified as hereinbefore set forth ".

On trial it appeared that a question of fact existed as to whether the wife intended to take the child and leave the area about April, 1951, without the knowledge or consent of the husband. The only evidence on this point was the conflicting testimony of the parties.

It did appear that the parties had a conversation regarding the child's support during April, 1951, and that it was agreed the husband should not pay the wife the weekly support so long as he did not visit the child. The wife claims that she meant " ever " to see the child, and the husband claims he meant " not to see the child regularly ". The husband saw the child thereafter once on her birthday in the fall and once before Christmas of 1951. On the basis of these two visits during the entire period of alleged arrears from April 29, 1951, to June 21, 1952, the wife claims the defendant breached the agreement. The defendant produced a letter written him by the plaintiff on or about December 7, 1951, in which she said " It was only an agreement between us that you wouldn't have to pay if you didn't see her. * * * I'll have Donna here the Sunday before Christmas if you want to see her then — then you can let me know after the first of the year if you plan to see her each week. * * * If you insist on seeing her then I'll insist on the money ". The husband saw the child no more. Seeing the child on those occasions, with the plaintiff's consent, was not a breach, by the defendant, of the modified agreement.

The wife does not allege a material change in the financial circumstances of the parties or that the child is likely to become a public charge since the original written agreement or its alleged modification, rescission or novation.

Two competent adults, who have actually separated, are capable of entering into a separation agreement placing financial responsibility according to the desires and the means of the parties (*Garlock* v. *Garlock*, 279 N. Y. 337) if fair to the parties and society.

In general a separation agreement is subject to the same rules of law regarding rescission, revocation and modification as any other valid agreement. (*Cain* v. *Cain*, 188 App. Div. 780; *Matter of Yard*, 116 Misc. 19.) In claiming under the written separation agreement, the plaintiff must show her compliance with all the terms of the agreement, and if she actually intended to take the child beyond the father's ability to visit, it would be a breach that would defeat her claim. (*Duryea* v. *Bliven*, 122 N. Y. 567; *Matter of Noel*, 173 Misc. 844.) Further, the plaintiff

must show the written separation agreement valid throughout the period of the claim. A separation agreement in writing may be modified by an oral agreement which has been fully executed. (*Leidy* v. *Procter*, 226 App. Div. 322.) The plaintiff refers in her letter to a new agreement between the parties, and the defendant substantially complied with the agreement to stay away from the child. Finally, a wife by her conduct and failure to stand on her rights under a separation agreement, may be guilty of laches and may have waived such rights as she may have had. (*Swanton* v. *Curley*, 273 N. Y. 325; *Krotosky* v. *Krotosky*, 169 App. Div. 850; *Matter of Nutrizio*, 145 Misc. 626.)

In agreeing to forego weekly support payments if the husband did not visit the child, the plaintiff modified the written separation agreement. The agreement, as so modified, has been performed by both parties. Under its terms, nothing is due from the defendant to the plaintiff.

The plaintiff's complaint must, therefore, be dismissed, with costs.

Let judgment be entered accordingly.