Mortie B. Berger, Respondent, *v.* Harriet B. Berger, Appellant, et al., Defendant.

Fourth Department, November 14, 1956.

*William B. Mahoney* for appellant.

*William G. Heffron* for respondent.

Williams, J. This is an action for a declaratory judgment determining the marital status of the parties to this appeal. In issue is the validity of a decree of divorce obtained by the defendant wife in Las Vegas, Nevada, on December 20, 1951. The trial court granted judgment, in accordance with the prayer of the complaint, that the divorce was void, that defendant never acquired a bona fide domicile in Nevada, and that the parties' marriage had never been dissolved. Defendant appeals.

Plaintiff and defendant were married in Buffalo, New York in 1945. Until 1950 they lived in South Carolina. In that year defendant left her husband and with the children came to Buffalo where her family lived. Upon her refusal to return to South Carolina, plaintiff liquidated his business there in February, 1951, and came to Buffalo, where the parties lived together until May 23, 1951. On that date, plaintiff moved to Savannah, Georgia, where his mother was seriously ill. Defendant refused to join him there. Instead, in October, 1951, she traveled to Las Vegas, Nevada, and commenced an action for absolute divorce on the ground of mental cruelty. Plaintiff was personally served in Georgia and did not appear in the action, so the question of whether the wife ever acquired a bona fide domicile in Nevada is preserved to him and he has raised it. The trial court found, and the evidence is persuasive, that she did not. The evident purpose of her trip to Las Vegas, her conduct while she was there, the haste with which she departed once that purpose was accomplished, and other circumstances combine to reveal that she had no intention of acquiring a domicile in Nevada. She never even took permanent lodgings there or obtained employment. The trial court found, therefore, that defendant was domiciled in New York from 1950 to the present; that she went to Las Vegas for the sole purpose of obtaining a divorce and was never a bona fide domiciliary of Nevada; that the divorce was void and did not dissolve the parties' marriage; and that plaintiff was domiciled in New York from February, 1951, until the present time, except that from May 23, 1951, until December, 1952, he was a domiciliary of Georgia. We approve those findings.

Appellant does not question the power of the court to pronounce judgment declaratory of the parties' rights and legal relations (Civ. Prac. Act, § 473; *Baumann* v. *Baumann*, 222 App. Div. 460, affd. 250 N. Y. 382; *Lowe* v. *Lowe*, 265 N. Y. 197; *Long* v. *Long*, 281 App. Div. 254). But it is urged in her brief that " it is the public policy of New York State to refuse to recognize judgments of courts of other states * * * where it is established that the court of the foreign state did not have jurisdiction of the non-resident party to such action. It is equally true that such policy of New York State is only exercised for the protection of its own citizens who are domiciled in this State." Several cases are then cited, all of which except *Engel* v. *Engel* (275 App. Div. 14), which is actually in support of respondent's position, were decided prior to the two decisions in *Williams* v. *North Carolina* (317 U. S. 287; 325 U. S. 226) at

a time when *Haddock* v. *Haddock* (201 U. S. 562) was still the law. At that time it was the policy of this State, exercised in favor of New York domiciliaries, to refuse to recognize ex parte divorce decrees granted by a foreign jurisdiction which was not the matrimonial domicile, where the defendant was not personally served within the jurisdiction and did not appear. Under *Haddock* v. *Haddock* (*supra*) such decrees were not entitled to the protection of the full faith and credit clause and were recognized by other States, if at all, only on the basis of comity, with each State free to determine its own policy in the matter. But since the first *Williams* case, a foreign decree based on a plaintiff's *actual*, bona fide domicile within the forum and constructive service upon the defendant, is entitled to recognition and may not be successfully attacked collaterally. There is now less room for local policies. If appellant had a bona fide domicile in Nevada, the divorce decree is valid; if she had not, it is void. Whether or not her husband was domiciled in New York at the time of the decree seems immaterial.

But the question remains whether, granting the invalidity of the foreign decree, our courts in the exercise of a reasonable discretion should decline to grant a declaratory judgment (Rules Civ. Prac., rule 212). That would be true if the case were none of our concern — if there were no substantial contacts with New York. However, the following points of contact are sufficient to sustain the trial court's discretionary decision to declare the marital status of the parties: (1) plaintiff and defendant were married in New York; (2) this State was for a time the matrimonial domicile; (3) defendant has continuously been a domiciliary of New York since 1950; (4) she married her present husband in Buffalo and lives with him there; (5) the children of her marriage with plaintiff live with her in New York, (6) plaintiff, although not a domiciliary of this State at the time of the divorce which he seeks to declare invalid, has resided here continuously since December, 1952, and was apparently domiciled in New York when he commenced this action and certainly at the time of judgment. In short, the judgment declares the status of New York domiciliaries. (See *Engel* v. *Engel*, 275 App. Div. 14, *supra*; cf. *Vanderbilt* v. *Vanderbilt*, 1 A D 2d 3; *Bata* v. *Bata*, 304 N. Y. 51; Civ. Prac. Act, § 1165-a; 18 Carmody-Wait on New York Practice, p. 268, § 144.) No State except New York has any interest in the status of the parties, and as a practical matter, there is no other forum available. In our opinion, if the trial court had declined to entertain this suit, it would have been a serious abuse of discretion.

The judgment insofar as appealed from should be affirmed.

All concur. Present — McCURN, P. J., VAUGHAN, WHEELER, WILLIAMS and BASTOW, JJ.

Judgment insofar as appealed from affirmed, without costs of this appeal to either party.