L. Barros Hill, J.
This is a motion for summary judgment in an action brought to recover arrears under a modified separation agreement. The defense to the motion is that of illegality of agreement.
The parties initially separated and entered into an agreement of separation dated June 10,1943. Thereafter, plaintiff obtained a decree of divorce in the State of Nevada which incorporated the applicable parts of the agreement relating to property, support and custody of the children. The defendant personally appeared in the Nevada action. In 1954 plaintiff commenced an action in this court on the agreement to collect arrears after defendant defaulted, for the first time apparently, in June, 1954. As a basis for discontinuing that action, the separation agreement of June 10, 1943 was modified and provision made for accepting a lesser lump sum for the arrears then owing by written agreement between the parties dated February 25, 1955. It is this subsequent agreement which by its terms is still in effect, which forms the basis for this action.
The affirmative defense pleaded in the answer attacks, on the grounds of illegality, solely, the agreement of June 10,1943 alleging that it violates section 51 of the Domestic Relations *670 Law. In no way do the pleadings attack the agreement of February 25, 1955.
A separation agreement, of course, like any other contract is subject to the same rules of law regarding rescission, revocation and modification (Cain v. Cain, 188 App. Div. 780; Vandemortel v. Vandemortel, 204 Misc. 536). Where there is a substituted contract between the parties, the first is at an end and no action may be brought on it (Triangle Waist Co. v. Todd, 223 N. Y. 27); conversely, defenses can be raised only to the substituted contract.
It is clear that the consideration for the agreement of February 25, 1955 was the settlement of the litigation commenced in 1954. Assuming an amendment of the answer to challenge the legality of the agreement of February 25, 1955, I find nothing therein which is illegal. This agreement provides for support for the wife until her remarriage or decease. Agreements providing for the support of a wife after the death of the husband are legal (Murray v. Murray, 278 App. Div. 183; Matter of Baratta, 199 Misc. 246, affd. 279 App. Div. 992). No question can be raised concerning this agreement that it was entered into for the sole purpose of inducing plaintiff to procure a divorce; the divorce had already taken place.
Defendant contends, nonetheless, that the agreement sued on is unenforcible if the underlying agreement is or was illegal citing Gray v. Hook (4 N. Y. 449); Woodworth v. Bennett (43 N. Y. 273). However this may be, I am of the opinion that the agreement of June 10, 1943, which is unambiguous, does not violate section 51 of the Domestic Relations Law. It in no way compelled plaintiff to obtain a divorce and is indistinguishable in form from that judicially approved in 1934 by the Court of Appeals in Butler v. Marcus (264 N. Y. 519). I am also of the opinion that by his participation in the Nevada action which decree incorporates the provisions of the separation agreement that defendant is estopped from now contesting the legality of the agreement of June 10, 1943 (see Rehill v. Rehill, 306 N. Y. 126; Lynn v. Lynn, 302 N. Y. 193, 206).
It follows, therefore, that there is no triable issue of fact and, accordingly, plaintiff’s motion is granted.
Settle order.