IIeney Epstein, J.
Plaintiff is the wife of' defendant George Kletter. The codefendant Clara Heller is currently alleged to be married to her codefendant.
Sylvia Kletter and George Kletter were married to each other in New York on September 21, 1935. They had one issue, a son, who is now over thé age of 21 years.
In April, 1958, plaintiff instituted an action in the Supreme Court of Erie County against the defendant husband for a separation decree and on November 12,1959, after trial, a judg *411 ment was entered granting a decree of separation to the plaintiff.
On or about the 17th of December, 1959, defendant Kletter went to Juarez, Mexico, to obtain a divorce. The plaintiff never appeared in person or otherwise nor was she served with process in Mexico. The said defendant obtained the decree in Mexico and thereafter married the codefendant and they now reside in Buffalo, New York.
The plaintiff in this action seeks a declaratory judgment declaring plaintiff to be the lawful wife of defendant Kletter; and further seeks a declaration of the invalidity of the Mexican divorce and finally an injunction enjoining the defendants from holding themselves out as husband and wife.
There are three motions now before the court. Plaintiff moves for a counsel fee pursuant to section 1169-a of the Civil Practice Act for the prosecution of this action; defendants cross-move for an order granting judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice or in the alternative granting summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice (a) granting declaratory relief to the plaintiff; (b) denying injunctive relief to the plaintiff and (c) denying the award of counsel fees requested by plaintiff’s motion; and finally, defendants move to vacate plaintiff’s notice to take pretrial depositions of the defendants.
That branch of the motion seeking alternative relief pursuant to rules 113 and 114 of the Rules of Civil Practice must ■ be denied. The amended rule 113 of the Rules of Civil Practice specifically prohibits the use of summary judgment in a matrimonial action except when based upon 1 documentary evidence or official records which establish a defense to the action or counterclaim ” (italics supplied). By the instant motion defendants do not seek to establish their defense but rather to sustain the complaint.
Turning now to the branch of the motion pursuant to rule 112 of the Buies of Civil Practice for judgment on the pleadings. Upon a motion for judgment on the pleadings the court may give judgment without regard to which party makes the motion. The motion searches the record and all the pleadings will be examined. The answer in addition to denials, attempts to plead an affirmative defense alleging a stipulation which was later incorporated in a separation decree as well as a divorce decree issued to him by the Third Civil Court of Bravos District, State of Chihuahua, Bepublie of Mexico. Copies of each of the foregoing documents are attached to the answer. The divorce decree recites service on the plaintiff here by mail and her nonappear *412 anee in Mexico and as such it is void. Accepting all of the allegations of the defense as true, it is insufficient as a matter of law and it is stricken.
Plaintiff may enter judgment on her complaint for a declaratory judgment without provision for the injunctive relief requested therein. The declaratory judgment establishes the matrimonial status of the plaintiff. There are no disputed questions of fact here requiring adjudication of a threatened legal wrong to be restrained or a legal right to be protected. The following language from Baumann v. Baumann (250 N. Y. 382, 386-387) is dispositive of this phase of the motion:
“ The acts of the defendants cannot affect the matrimonial status of the plaintiff. That is established by the provisions of the declaratory judgment which also adjudges the Yucatan divorce and the attempted marriage of the defendants null and void. If the plaintiff has any property rights, that decree also protects those rights by legally establishing her status.
“ It cannot be questioned that the conduct of the defendants is reprehensible. That it is illegal has been determined by the judgment herein. That it is socially and morally wrong may be conceded, and doubtless it is annoying and humiliating to the plaintiff. Those considerations alone do not, however, justify the granting of an injunction. Equity cannot by injunction restrain conduct which merely injures a person’s feelings and causes mental anguish. [Citing cases.] ”
There can be no question of the authority of this court to withhold injunctive relief. A declaratory judgment does “ not carry with it as a legal consequence a right to injunctive relief. ’ ’ (Lowe v. Lowe, 265 N. Y. 197, 200.)
The plaintiff is entitled to a counsel fee for the prosecution of this action and as such she is awarded $1,500, payable as directed in the order and judgment to be entered herein.
Defendants’ motion to vacate plaintiff’s notice to take pretrial depositions of defendants is rendered academic by the disposition above.