James J. Crisona, J.
This is an action by the plaintiff, who was married to the defendant on July 5, 1940, and with whom she had three children, for judgment declaring the nullity of a purported decree of divorce which the defendant procured against her in the courts of one of the States of the Republic of Mexico on or about October 3, 1960, and to declare that she continues to be the lawful wife of the defendant. She now moves for temporary alimony and counsel fees, having already paid her attorneys the sum of $250 as a retainer.
Defendant opposes the motion and by cross motion seeks an order for judgment on the pleadings, or, in the alternative, for summary judgment granting the plaintiff the relief prayed for in the complaint. He concedes that the plaintiff did not appear in the action in Mexico in person or by an attorney although he claims that he himself appeared personally in Mexico and submitted himself to the jurisdiction of its courts.
In Kletter v. Kletter (26 Misc 2d 410) Mr. Justice Epstein of the Supreme Court, County of New York, had before him similar motions in an action by a wife to declare the nullity of a Mexican decree of divorce against her and that she was the lawful wife of the defendant. She also sought injunctive relief restraining the defendants from holding themselves out as husband and wife. The court granted judgment on the pleadings in favor of the plaintiff as prayed for in her complaint without provision for injunctive relief, declaring the marital status of the plaintiff and that the divorce decree was a nullity. Plaintiff was also granted a counsel fee for the prosecution of the action. The Appellate Division of the First Department modified the order of the lower court to the extent of reducing the counsel fee allowed, stating that in view of the early abandonment by the defendant of his opposition to the relief sought by the plaintiff wife, the amount of counsel fees that had been awarded her was excessive. (Kletter v. Kletter, 12 A D 2d 610.)
On the basis of the foregoing authority, the cross motion made by the defendant here is granted to the extent of directing judgment on the pleadings in favor of the plaintiff as prayed for in *31 her complaint and plaintiff’s motion is granted solely to the extent of allowing her a counsel fee in the sum of $250 in view of the early abandonment by the defendant of his opposition to the action. (Civ. Prac. Act, § 1169-a.) Alimony is denied since this court has no power to grant the same in an action to declare the nullity of an invalid divorce.