Harold Tessler, J.
This is an action for judgment declaring, because of lack of jurisdiction, the nullity of a decree of divorce obtained by the defendant against the plaintiff in the First Civil Court of the City of Juarez, State of Chihuahua, Republic of Mexico; that the defendant’s subsequent marriage to another *322 woman is invalid and of no force and effect; and that the plaintiff was and continues to be the lawful wife of the defendant. Plaintiff now moves for a counsel fee in the sum of $2,500 to prosecute this action.
By cross motion the defendant moves for judgment on the pleadings in accordance with rule 112 of the Buies of Civil Practice, or, in the alternative, for summary judgment pursuant to rule 113 of said rules in favor of the plaintiff for the entry of the declaratory judgment prayed for in her complaint. This cross motion is made upon the pleadings and upon the affidavit of the defendant, sworn to August 23, 1961, in which he admits, inter alia, that the plaintiff did not appear in the Mexican divorce action which resulted in the default decree of divorce here challenged, dated May 26, 1961, following which he was married to one Lucille Siegel in G-reenwich, Connecticut, on July 26, 1961. He then states: u I concede that for all intents and purposes the Courts of Mexico did not have jurisdiction over the plaintiff. I agree that plaintiff is entitled to judgment in her favor as requested in her complaint to the effect that plaintiff is my lawful wife and that the decree of divorce is not entitled to recognition.”
The cross motion is opposed upon the grounds that it is made in had faith, solely for the purpose of saving legal fees payable by the defendant; that in view of the verified answer denying material allegations of the complaint a declaratory judgment in plaintiff’s favor might be vulnerable to subsequent claims of “ collusion ” and that in any event neither summary judgment nor judgment on the pleadings may properly be granted in favor of the plaintiff, however anxious she may be to speedily achieve the relief prayed for in her complaint.
It is quite true that summary judgment is unavailable to the defendant, in view of the limiting provisions contained in subdivision 4 of rule 113 of the Buies of Civil Practice. (Kletter v. Kletter, 26 Misc 2d 410, mod. on another ground 12 A D 2d 610.) "No such limitations are found in section 476 of the Civil Practice Act and rule 112 of the Buies of Civil Practice. Thereunder judgment may be granted in favor of any party or against any party to the action without regard to which party makes the motion, if warranted by the pleadings or the admissions of a party or parties. Thus judgment on the pleadings in favor of the plaintiff was granted in similar actions, notwithstanding that the motion was by the defendant to sustain the complaint for a declaratory judgment rather than the defense thereto. (Kletter v. Kletter, supra; Wayne v. Wayne, N. Y. L. J., June 19, 1961, p. 16, col. 1.)
*323 Plaintiff’s counsel, who likewise appeared on behalf of the plaintiff in Kletter (supra), urges that the answer in that case contained admissions which were deemed sufficient for the purposes of judgment on the pleadings, whereas no such admissions are contained in the answer of the instant defendant and that his affidavit in support of the cross motion is unavailable in connection with so much thereof as seeks judgment on the pleadings.
It is indeed true that affidavits submitted in support of a motion for summary judgment cannot be read conjointly with a motion for judgment on the pleadings in which affidavits are not ordinarily permissible. (Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 279; Arverne Bay Constr. Co. v. Thatcher, 250 App. Div. 482.) Even if the defendant’s admission in his affidavit with respect to lack of any jurisdictional basis for his Mexican decree of divorce against the plaintiff be deemed an admission “ made to avoid some question arising on the pleadings ” (Lloyd v. R. S. M. Corp., 251 N. Y. 318, 320), it is unnecessary to rest the decision in this case upon such admission. By failure to deny, defendant had admitted in his verified answer the following allegations of the plaintiff’s verified complaint:
“ 5. That no court of competent jurisdiction has dissolved said marriage of plaintiff to the defendant and the plaintiff and defendant are still validly married to each other at this time.
“ 6. That the defendant who, at all the times hereinafter mentioned, was a resident of the City and State of New York did, upon information and belief, go to the City of Juarez, State of Chihuahua, United Mexican States on or about the 21st day of April, 1961 and purported to commence in a court of said state an action to obtain a divorce from the plaintiff herein; that although the plaintiff did not appear in that action, either personally or by attorney, and was not served with any process or paper whatsoever within the geographical boundary of the United Mexican States, either personally or through an attorney, and although she never consented to the obtaining of such a decree of divorce by the defendant, the defendant, nevertheless, entered or caused to be entered a decree, order or judgment of said court in the United Mexican States, dated on or about the 26th day of May, 1961 purporting to divorce the said defendant from the plaintiff.
“7. That the said Mexican divorce decree, order or judgment so obtained was and is void and of no force and effect in law whatsoever; further, that at the time of the institution of the said action and at the time of the obtaining of the said decree, *324 order or judgment the defendant was not a bona fide resident of the State of Chihuahua or of the United Mexican States, and that, at such times, the defendant was then and continued to remain a permanent resident of the City of New York, State of New York; further that, upon information and belief, the said defendant did not remain or reside permanently in the United Mexican States for any period of time but returned to the State of New York either before, contemporaneously with, or just after the entry of the said alleged decree, order or judgment.”
The court is of the opinion that the admission of the foregoing allegations is sufficient upon which to grant judgment on the pleadings in favor of the plaintiff as prayed for in the complaint and the defendant’s cross motion is granted to that extent. In view of the early abandonment by the defendant of his opposition to this action (Kletter v. Kletter, 12 A D 2d 610, supra), plaintiff’s motion for a counsel fee is granted to the extent of allowing her the sum of $500, payable within 10 days of the service of a copy of the order to be entered hereon.