Birdie Amsterdam, J.
Defendant husband moves to dismiss the complaint for legal insufficiency, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. It is defendant’s position that neither of the two causes of action, alleged by plaintiff wife, are sufficient to constitute a cause of action for rescission of the separation agreement between the parties, which is the subject of his lawsuit.
The separation agreement sought by plaintiff to be rescinded is dated June 1, 1954 and was later amended, the final amendment having been executed November 16, 1962. Plaintiff’s causes of action are predicated upon (1) the alleged illusory *399 character of the agreement and its consequent lack of mutuality of obligation in view of the husband’s option contained in article XVI permitting the defendant to declare the agreement ‘ ‘ null and void and of no force and effect” at the expiration of 108 months after execution; (2) the alleged unfairness and inadequacy of the agreement, by virtue of the husband’s aforesaid “ option ” to terminate and the limited support provisions all of which violate the spirit and letter of section 51 of the Domestic Relations Law.
A study of the subject agreement discloses an all-comprehensive document. It recites the marriage of the parties in 1950, the birth of a son in 1951, the arising of irreconcilable differences between the parties, their consequent and continuous separation for some time, the intention of the wife to institute an action for separation, the desire of the parties to avoid litigation respecting provisions for support for the wife and child, and for the custody of the child, and the wife’s satisfaction “ after deliberation, investigation and advice of independent counsel of her own choosing,” with the fairness, reasonableness and adequacy of the provisions made for her support and maintenance and that of the infant. The agreement contains a covenant of noninterference completely freeing the wife of her common-law and religious duties to her husband, permits her to live entirely free from any marital control or authority, including freedom of residence, business, profession, employment and conduct as if she were sole and unmarried. It provides for her support and maintenance, the weekly sum of $200 for her sole and exclusive use and $100 weekly for the support, education and maintenance of the child. Continuing, the agreement provides for the wife’s receipt of additional monetary benefit of a sum equal to the amount of all Federal and State income taxes payable on such maintenance and support; for payment by the husband of extraordinary medical expenses for the child; and that the wife is to be designated the irrevocable beneficiary of a life insurance policy upon the life of the husband in the amount of $25,000 and that the child be declared a beneficiary of a life insurance policy in like amount. By paragraph IV of the agreement, the wife expressly agreed that the monetary provisions were in all respects satisfactory. By paragraph V she received custody of the child, subject to delimited visitation and consultation rights in favor of the husband. By paragraph VI she received full and complete occupancy and possession of the former family apartment and all of the furnishings, furniture and household goods located therein. The husband further agreed by paragraph XIX to pay her attorneys a fee of $4,000. By paragraphs *400 VII to XIII, she received various additional benefits, all specifically recited.
It is noted that plaintiff does not allege in her complaint that any payment was.ever omitted by the defendant.
We come now to paragraph XVI, which is the gravamen of the complaint herein. That paragraph entitled “Husband’s Option ’ ’, reads as follows:
‘ ‘ This agreement, at the option of the Husband, shall become null and void and of no force and effect unless within six (6) months [108 months, as amended] from the date hereof the covenants and provisions of this agreement shall be approved and confirmed either by a court of the State of New York or by a court in one of the States of the United States in which both parties have entered appearance. Such option shall be exercised within six (6) months after the expiration of said six months [108 months, as amended] period by written notice sent by registered mail addressed to the Wife in care of Hays, •St. John, Abramson & Schulman, Esqs., 120 Broadway, New York 5 New York; and if not so exercised within that time shall expire.
‘ ‘ In the event this agreement shall become null and void and of no force and effect pursuant to the provisions of this paragraph XVI, then in such event this agreement shall not be offered or received in evidence by either party in any action, special proceeding or other proceeding as evidence for any purpose whatsoever, including but not limited to Husband’s financial condition or ability to pay.”
It is plaintiff’s position, under her first cause of action, that this clause deprives the agreement not only of the requisite standard of fairness and mutuality demanded in contracts between husbands and wives, but it also enables the defendant to escape his duties to support the plaintiff and their child. It is further argued by plaintiff that the defendant’s option is a unilateral escape clause which grants him the power to release himself from his marital duties and hence is violative of section 51 of the Domestic Relations Law.
This court is not in accord with plaintiff’s arguments in this respect. Neither paragraph XVI nor any other provisions of the separation agreement contemplate that the defendant will at any time be relieved of his liability to support his wife and child. While it is true that under paragraph XVI defendant had the right, subject to the restrictions of that paragraph, to elect to terminate the agreement, nevertheless, if exercised, it would not in any wise defeat or curtail his obligation of support of his wife and child; it would merely return the parties *401 to the status quo ante. There is no provision in the separation agreement which relieves defendant, in any wise, from any future liability for the support of his wife and child, as is the usual factor in those cases which have been held by our courts to be in violation of section 51 of the Domestic Relations Law because the parties contracted to relieve the husband of all liability for support in the future.
Analyzing the option clause in question, we find that four conditions must exist in order for defendant to exercise his option: (1) 108 months must have elapsed from the signing of the agreement; (2) no court approval of the agreement must have been secured during that period; (3) an additional six months must not have elapsed; and (4) the option could be exercised only by written notice sent by registered mail by the defendant to the plaintiff, care of her attorneys. Ergo, it is obvious that paragraph XVI of the agreement, rather than affording the defendant an unrestricted option to terminate the agreement within 108 months, gives him no option at all until 108 months have first elapsed, at which time only can he exercise the option and then only if the agreement had not previously been approved by a court, an approval which the plaintiff is expressly empowered to secure in the courts of the State of New York or in one of the States of the United States. She is empowered to secure such approval in the courts of this State without the appearance of the husband. Moreover, by the fourth condition aforestated, the defendant could exercise the option only on notice by registered mail and within six months.
I am persuaded, therefore, that the option to terminate the agreement affords no basis for the relief demanded in the first cause of action of the complaint herein. A restricted option to terminate an agreement does not impair the mutuality of an agreement. It has consistently been held, by authoritative cases, in our courts, that separation agreements may lawfully be made and that where their validity is challenged on non-statutory grounds, the law generally applicable to contracts applies. (See Galusha v. Galusha, 116 N. Y. 635; Galusha v. Galusha, 138 N. Y. 272; Goldman v. Goldman, 282 N. Y. 296; Schmelzel v. Schmelzel, 287 N. Y. 21; Holahan v. Holahan, 298 N. Y. 798; Hettich v. Hettich, 304 N. Y. 8; Gary v. Gary, 6 Misc 2d 669, affd. 4 A D 2d 948.)
It is also well established, under the rules 'of law governing validity of contracts, that a restricted option to terminate does not destroy the mutuality of an agreement. And this is particularly true when the existence of the option depends to any extent upon action or inaction by the other party to the *402 agreement, as we have in the case at bar. However, the rule goes even further ¡and provides that a restriction which is a mere formality will save the agreement. Thus, any restriction whatever upon the option to terminate will prevent the option from impairing the mutuality of the agreement. This principle is set forth in Williston, Contracts (vol. 1, 3d ed., § 105). (McCall Co. v. Wright, 198 N. Y. 143; Long Is. Amer. Assn. Football Club v. Manrodt, 23 N. Y. S. 2d 858.)
■So here, we find from the very specific provisions of the separation agreement that the option to terminate, which the complaint in the present case advances as ground for rescission of the agreement, is far from “ unlimited ”. Under paragraph XVI of the agreement, as hereinbefore pointed out, defendant may terminate the agreement only in the event the plaintiff has failed, within a period of 108 months from the date of the agreement, to take such action as is specified. Thus, the plaintiff is expressly afforded the power to defeat the defendant’s right to terminate. Moreover, even after the expiration of the 108-month period without action by the plaintiff, the defendant’s right to terminate the agreement is conditioned upon written notice to do so, which notice, by further limitation, can be given only within a period of six months thereafter.
Thus, we see that the option of the defendant here could not be exercised in his absolute discretion. It remains dependent at all times upon action or inaction of the plaintiff and all of the four conditions hereinbefore pointed out must have been satisfied before the defendant’s option to terminate could effectively be exercised. By reason of all of the aforestated, the option did not affect the mutuality of the separation agreement between these parties or impair its validity.
The cases upon which plaintiff relies for support of her contention herein áre inapplicable to the particular facts with which we are concerned here. The provisions of the option ' in paragraph XVI of the separation agreement, which afforded defendant merely a restricted and limited option to terminate are no basis for the action now brought by plaintiff to rescind the agreement. Accordingly, I conclude that the first cause of action in the complaint fails to state facts sufficient to constitute a cause of action, and is, accordingly, dismissed.
■Considering the second cause of action wherein plaintiff seeks rescission on the sole ground that defendant has allegedly become possessed of substantially increased financial means since the execution of the agreement in 1954, I find that a mere post-separation improvement in the defendant’s financial circumstances gives no right of action in the plaintiff for the *403 relief sought. There is no allegation that there was fraud, misrepresentation or concealment in the negotiation of the agreement concerning the disclosure of the husband’s finances, nor that the wife is now likely to become a public charge. There is no allegation that the agreement, in this respect, was unfair when made or that the amounts payable thereunder are plainly inadequate, nor is there an allegation of duress. It is well established that when a husband is not in default under the terms of a separation agreement, it must be considered in full force and effect and bars the wife from an increase of the stipulated amount merely on improvement in the husband’s financial circumstances. (Schmelzel v. Schmelzel, 287 N. Y. 21, supra; Lebolt v. Lebolt, 200 Misc. 704.) In Crowell v. Crowell (135 Misc. 530, 533, affd. 229 App. Div. 771) the court held as follows: “No authority has been furnished, nor have I been able to find any decision which gives a court of equity jurisdiction to set aside an admittedly fair and proper voluntary agreement for support and maintenance on the sole ground here presented, namely, that, since the execution of such agreement, by inheritance or otherwise, the financial means of the husband has been substantially increased. The present complaint in my opinion alleges no facts which would justify a court of equity to declare a rescission of this contract.” Consequently, absent any allegations in the instant complaint demonstrating inadequacy or unfairness of the agreement herein at the time of its execution, or that plaintiff had been overreached, importuned, defrauded or that defendant’s assets and financial condition had been misrepresented to her, the agreement must be sustained. The second cause of action is also insufficient and therefore dismissed.