# (June 10, 1965)

BETTY SATENSTEIN, Respondent, v. FRANK SATENSTEIN, Appellant.
APPEALS from orders of the Supreme Court at Special Term, entered on December 17, 1964 and January 28, 1965 in New York County, which granted motions by plaintiff for orders (1) directing defendant to appear for examination before trial, and (2) fixing and confirming a counsel fee of $5,000 to plaintiff.

MEMORANDUM BY THE COURT. Orders, entered on December 17, 1964 and January 28, 1965, modified, on the law and the facts, and in the exercise of discretion, to reduce the counsel fee to the sum of $1,500 already paid, with leave to the plaintiff to apply to the trial court for additional counsel fees; and orders, as modified, affirmed, without costs or disbursements. In view of the withdrawal of defendant's answer, a counsel fee of $1,500 should be adequate to cover the services of plaintiff's attorney in the prosecution of the action, and a further allowance will be justified only in the event such prosecution requires unforeseen and extraordinary services. This action, as an action to declare the invalidity of a Nevada decree of divorce, is a "matrimonial action" (CPLR 105, subd. [m]). The rendition of judgment on default of answering necessitates application to the court, and since the defendant has appeared in the action, he is entitled to notice. As in every "matrimonial action", the plaintiff will be required to present proof of the essential allegations of her complaint and the court should make and enter written findings of fact on basis thereof (CPLR 3215, subd. [b]). There is no sound reason for a court to engraft an exception upon the provisions

of CPLR to permit a judgment for default to be entered in this one type of "matrimonial action" upon the complaint without independent proofs and without findings of fact. Clearly, in furtherance of CPLR objectives, its express and unambiguous provisions should be applied and enforced with uniformity without regard to whether or not such provisions conflict with the practice under the former Civil Practice Act. The plaintiff, in her attack upon the Nevada decree, alleges that the defendant did not establish a bona fide residence in the State of Nevada. Under the circumstances here, it appears that, absent testimony of the defendant, the plaintiff will have difficulty in presenting the necessary proofs to establish such allegation. The examination before trial of the defendant, as directed by Special Term, is expressly limited to the matter of defendant's domicile and, thus, should not unduly burden or harass the defendant, unless he chooses to make it do so. Settle order on notice fixing date for examination to proceed.

STEUER, J. (dissenting). The parties were married in 1950. They separated pursuant to a separation agreement in 1954. In 1964, defendant husband instituted an action for divorce in Nevada. Plaintiff did not appear in that action and instead instituted this action to enjoin the Nevada action and for a judgment declaring the validity of the marriage. Application for a temporary injunction was made, but denied as academic because the divorce decree was granted in Nevada before the return day of the motion. Defendant answered in this action, and moved for summary judgment on the strength of his affirmative defense that the action was unnecessary in view of the terms of the separation agreement. Plaintiff cross-moved for dismissal of the defense, for a counsel fee, and to examine the defendant as to his residence in Nevada. Special Term denied defendant's motion and also plaintiff's motion to dismiss, but awarded a counsel fee and directed the examination before trial. Defendant thereupon moved for leave to withdraw his answer and consented to the entry of a declaratory judgment as prayed for and, upon this being granted, moved to vacate the order for the examination before trial and for a reduction of the counsel fee awarded. Both phases of this application were denied.

As regards the counsel fee, some award to plaintiff's counsel is proper and not contested. This court has not passed on what the amount should be and, in advance of Special Term's decision thereon, no discussion is in order except to say that the original award, based on the prospect of a contested action, is materially excessive.

As regards the examination, it should be equally clear that both as a matter of law and of discretion the order should be vacated. It is practically a matter of definition that an examination before trial is not indicated where no trial is needed. Here defendant concedes that he has no defense and consents to judgment. But it is claimed that despite this consent a trial is needed. This contention rests on an interpretation of CPLR which cannot resist analysis. Concededly, an action to declare the validity of a marriage is a "matrimonial action" (CPLR 105, subd. [m]). CPLR also requires that a default judgment in a matrimonial action requires written findings of fact (3215, subd. [b]). It is further argued that, as a consequence, in every matrimonial action — including one for a declaratory judgment — there must be proof and findings, without regard to whether or not it is contested.

This argument completely loses sight of the purpose of the rule. The object of requiring proof in matrimonial actions is to implement the State's policy of preserving marriages. The rule does this by seeking to prevent collusive judgments for divorce, annulment, or to declare a marriage *invalid*, in which the consent of the defendant is effected by his defaulting in the action. If this procedure were tolerated, marriages could be severed merely on the aver-

ments that jurisdictional grounds exist and the defendants consent thereto, without any proof that such grounds have any factual support. In this way the marriage could be broken merely by the agreement of the parties to file the requisite papers. It is that evil which the rules are designed to prevent. It is altogether different where the object of the action is to preserve the marriage. Plaintiff concedes that this was so under the Civil Practice Act (*Kletter* v. *Kletter*, 26 Misc 2d 410; *Wayne* v. *Wayne*, 31 Misc 2d 29; *Anolick* v. *Anolick*, 31 Misc 2d 321). But the contention is that the above-quoted CPLR provisions change this.* Even if one concedes that the literal interpretation of the rules indicates such a result, that is not the way this statute or any other should be read (2 Corinthians 3:6 [King James]).

Lastly, as a matter of discretion this examination should not be ordered. It is plain that plaintiff desires to harass defendant (see prior suit between the same parties, 42 Misc 2d 398, affd. 20 A D 2d 700). And this unnecessary examination is an excellent vehicle for this purpose. Doubtless she will not be averse to having her counsel collect a fee from defendant for conducting the examination. Other wives similarly situated and motivated — and their number, unfortunately, is not small — will be encouraged to follow suit, wherever a case barely plausible will permit. Discretion mandates that such practice should not be countenanced.

I vote to modify by vacating the provision for the examination before trial, and to remand the question of the amount of the counsel fee.

Botein, P. J., Breitel and Eager, JJ., concur in decision; Steuer, J., dissents in opinion in which Valente, J., concurs.

Orders modified and as so modified, affirmed, without costs and disbursements, etc. Settle order on notice fixing date for examination to proceed.

---

* *Wilson* v. *Wilson* (181 Misc. 941) relied on by plaintiff, is no authority for plaintiff's position, as there the action was to declare the marriage invalid.