■ CATHERINE G. PNEUMAN, Appellant, v. AVERY PNEUMAN et al., Respondents.— Judgment unanimously reversed on the law and facts, with costs, and judgment entered in favor of plaintiff. Memorandum: The record in this action to declare an Idaho decree of divorce null and void reveals that defendant Avery Pneuman was born in New York State, had been steadily employed as a toolmaker by a Syracuse, New York corporation since 1950, married plaintiff in 1956 and separated in 1959. On December 11, 1964 Avery made written application for and was granted a personal leave of absence from his employment beginning January 4, 1965 and ending April 5, stating as a reason therefor "Need to rest up". On January 5 he went to Boise, Idaho where he lived in a hotel and worked as a dishwasher. On February 19 he verified a complaint in an action for divorce. On March 18 he applied for and was granted an extension of his leave of absence to May 5, stating as the reason, "Need to complete my mission". On April 15 a copy of the summons and complaint was served on plaintiff in Syracuse. She did not appear or answer the complaint. On April 23 Avery applied for and was granted a third extension of his leave of absence. On May 8 a default judgment and decree of divorce was granted and he immediately returned to his job in Syracuse where he has since worked continuously. He and defendant Laura O'Hara, who had also been employed by Avery's employer since 1950, went to Idaho for the month of July while both were on vacation and were married there on July 23, 1965. They returned to Syracuse at the end of their vacation period and lived as husband and wife in the residence established by Laura prior to the marriage and they never returned to Idaho. We conclude that plaintiff has sustained the burden of overcoming by persuasive competent evidence and documentary proof the presumptive validity of the Idaho decree. (*Matter of Franklin* v. *Franklin*, 295 N. Y. 431, 434.) The uncontroverted facts lead inescapably to the conclusion that Avery never intended to establish a bona fide domicile in Idaho. (See *Williams* v. *North Carolina*, 325 U. S. 226.) His conduct while in Idaho, the haste with which he departed to resume his regular employment and the other circumstances above stated combine to support this conclusion. His testimony to the contrary, together with his stated purpose to settle in Idaho to become a gold miner on a purported claim which he had never staked, had never worked, had never visited and had no documentary evidence to support, was incredible. Something more is required to convince a court that a 53-year-old experienced toolmaker, steadily employed in his profession for more than 15 years with the same corporation where he had acquired valuable seniority rights which would entitle him to $13 a month for each year employed after he reached 60 years of age, would give up his employment for such an illusive future. Accordingly, the finding of fact by Trial Term that he had established a bona fide domicile in Idaho and the conclusion of law that the decree procured on May 8, 1965 dissolving the marriage between plaintiff and Avery is valid and binding should be reversed as contrary to the weight of the credible evidence (*Krieger* v. *Krieger*, 29 A D 2d 43;

*Bajkynicz* v. *Bajkynicz*, 5 A D 2d 562; *Berger* v. *Berger*, 2 A D 2d 423), and plaintiff is entitled to judgment declaring her to be the lawful wife of defendant Avery Pneuman. (Appeal from judgment of Onondaga Trial Term adjudging Idaho divorce to be valid.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.