912

(September 5, 1973)*

■ Anna Diggs, Plaintiff, v. Clayton Diggs, Defendant.— In this action for divorce on the ground of abandonment, plaintiff wife applied ex parte to Special Term for leave to serve the summons upon defendant husband by the judicially devised means (CPLR 308, subd. 5) of mailing the summons to him, both by certified and ordinary mail, in care of his parents at a stated address in New Orleans, Louisiana, instead of by personal delivery or publication. The Justice at Special Term refused to grant the application. Plaintiff wife has now applied to this court to grant said relief (CPLR 5704, subd. [a]). Application granted. In *Deason* v. *Deason* (32 N Y 2d 93) the Court of Appeals did not decide whether the New York statutes permit service to be made in a matrimonial action by judicially devised means under CPLR 308 (subd. 5), but invited the parties to apply for such relief. When application was thereafter made to the trial court, service was authorized by mailing one copy of the summons to defendant in care of his mother and by mailing another copy to him in care of his sister (*Deason* v. *Deason*, 73 Misc 2d 964). In the case at bar plaintiff and defendant were married in 1967 in New York City. It is alleged that the matrimonial domicile is in New York. In July, 1971 defendant left plaintiff and told her he was going to Louisiana. His parents lived and still live in New Orleans. In August, 1972 plaintiff attempted to have personal service made on defendant in Louisiana, but was unable to do so. Defendant's mother informed plaintiff that defendant no longer lived with her, but was now living in Baton Rouge. Defendant at times telephoned to plaintiff and confirmed that he was living in Baton Rouge, but did not give her any address in that city. On March 30, 1973, an order was made granting plaintiff permission to prosecute this action as a poor person. On April 11, 1973, plaintiff's attorney forwarded a copy of the summons to defendant at the address of defendant's parents. Several days later, defendant called plaintiff in response to that communication. In June, 1973 plaintiff wrote to defendant at his parents' address and asked him to sign the notice of appearance. About 10 days later defendant telephoned petitioner and told her he was not going to sign the notice. In our opinion, under the facts in this case, mailing the summons to defendant in care of his mother, by both certified and ordinary mail, together with a copy of the order permitting such service, will not only afford this defendant notice that an action has been commenced against him, but is more likely than mere publication to apprise defendant of the action. Accordingly, the application should be granted. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.