ANN E. CARR, Appellant, v BARBARA CARR, Individually and as Representative of the Estate of PAUL B. CARR, Deceased, Respondent.

Second Department, December 12, 1977

### APPEARANCES OF COUNSEL

*Daniel J. Bloom* and *Peter E. Bloom* for appellant.

*Mark G. Levine* for respondent.

### OPINION OF THE COURT

HOPKINS, J. P.

The action is brought for a declaratory judgment adjudging that the plaintiff is the lawful surviving spouse of Paul Bennett Carr, deceased, and that a divorce from the plaintiff allegedly obtained in Honduras by Carr during his lifetime is invalid. The defendant, Carr's wife by a marriage subsequent to the divorce, moved to dismiss the complaint for lack of jurisdiction, both of the person and of subject matter.

Special Term granted the motion, finding that neither personal nor in rem jurisdiction over the defendant existed. We reverse and deny the motion. Sufficient nexus between New York, the parties, and the subject matter of the controversy is present to provide jurisdiction for the court to declare the rights of the parties.

I

The defendant is now, and has been since June, 1962, a resident of California. She claims that she married Carr on December 3, 1974 in Nevada. She asserts that at the time of Carr's death on December 17, 1975 in California she was still his wife.

The plaintiff is a resident of New York. She claims that she married Carr on November 16, 1956 in Nevada. She alleges that following the marriage she and Carr resided in various countries in Central and South America during Carr's employment in the United States Foreign Service. In February, 1965, as she alleges, she left the marital home in Honduras because of the cruel treatment she received from her husband, and came to the United States, establishing her domicile and residence in New York, where she has since continuously lived. In February, 1967 Carr is claimed to have obtained an

ex parte divorce in Honduras from the plaintiff on the ground of abandonment.

After Carr's death in 1975 the plaintiff learned that the defendant had applied for survivor benefits provided by the Foreign Service Retirement and Disability System under the management of the Department of State at Washington, D. C. The plaintiff then instituted this action. Service of process and the complaint was made under an order of the Supreme Court,[1] allowing service by mail addressed to the Department of State and thereafter to be delivered by the department to the defendant. That order was procured upon an affidavit showing that the plaintiff did not know the address of the defendant, that the Department of State was prevented from releasing the address of the defendant by statutory proscription and that the Department of State had agreed to forward a letter to the defendant by the means described in the order.[2]

The defendant's motion to dismiss the complaint disclosed that, although the defendant did not wish her precise address in California to be known, she had received the summons and complaint by mail forwarded to her home by the Department of State. The foundation of the motion was twofold: (1) that New York lacked subject matter jurisdiction, since both of Carr's marriages had been contracted outside New York and neither of the parties had resided with Carr in a marital home in New York; and (2) that New York lacked personal jurisdiction over the defendant, a resident of California.

Special Term, holding that subject matter jurisdiction was a matter of discretion, presumably would have exercised its discretion to entertain the action. However, it found that the plaintiff had not shown a basis for either personal or in rem jurisdiction over the defendant, and on that ground dismissed the complaint.

## II

■ An action for a declaratory judgment adjudicating the

1. The order reads in part: "that the Summons and Complaint * * * be served upon Barbara J. Carr * * * by placing it in a properly stamped envelope with the name of the defendant typed thereon and placing said envelope in a second envelope addressed to the Department of State, Washington, D.C., 20520, to the attention of E. Kathryn Mallow, Chief Retirement Division."

2. The language of the letter from the Department of State is as follows: "You may address a letter to Mrs. Carr, place it in a properly stamped envelope with her name on the envelope and place this envelope in a second envelope addressed to this office. On receipt in this office, the address will be inserted and the letter will be mailed."

nullity of a foreign judgment of divorce is included within the term "matrimonial action", as that term is defined by statute (CPLR 105, subd [o]; cf. *Satenstein v Satenstein,* 24 AD2d 422). The complaint, so far as it seeks a declaration that the Honduras divorce is invalid, thus fits the definition; so far as it seeks a declaration that the plaintiff is the lawful surviving spouse of Carr, it does not (cf. 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06a, n 49). Nevertheless, a declaration that the divorce was a nullity necessarily implies that the plaintiff continued as Carr's wife, and became, on his death, his widow.

■ Special Term, we think, properly presumed to exercise its discretion to entertain the action. An action for a declaratory judgment is an appropriate vehicle to clarify the relations between the parties (see, e.g., *Sorrentino v Mierwea,* 25 NY2d 59; *Pneuman v Pneuman,* 33 AD2d 646; *Engel v Engel,* 275 App Div 14). As a resident of this State, the plaintiff is entitled to invoke the jurisdiction of the court (see *Dean v Dean,* 241 NY 240; *Berger v Berger,* 2 AD2d 423; *Denkman v Denkman,* 172 Misc 57, affd 258 App Div 954).

### III

■ The question whether jurisdiction over the person of the defendant was established presents a different aspect of the difficult problem of the power of the forum over a nonresident defendant. Since *International Shoe Co. v Washington* (326 US 310, 317), the inquiry into a State's jurisdiction over a foreign defendant depends on whether there have been "such contacts of the * * * [defendant] with the state of the forum as make it reasonable, in the context of our federal system of government, to require the * * * [defendant] to defend the particular suit which is brought there." As the Supreme Court recently said: "Thus, the relationship among the defendant, the forum, and the litigation, rather than the mutually exclusive sovereignty of the States on which the rules of *Pennoyer [Pennoyer v Neff,* 95 US 714] rest, became the central concern of the inquiry into personal jurisdiction." And as the Supreme Court went on further to say, "[t]he immediate effect of this departure from *Pennoyer's* conceptual apparatus was to increase the ability of the state courts to obtain personal jurisdiction over nonresident defendants" *(Shaffer v Heitner,* 432 US —; 45 USLW 4849, 4854).

In New York the measure of that increased ability of the State courts to obtain such personal jurisdiction was deter-

mined by the Legislature through the enactment of CPLR 308 (subd 5) and section 232 of the Domestic Relations Law, which in substance permit service of process to be made in such manner as the court may direct, if service cannot otherwise be made under statutory authority.[3] Here the plaintiff applied to the court for service to be made through the office of the Department of State, since the location of the defendant's residence was unknown; the court issued an order permitting service following that procedure; and the defendant admittedly received the process by such means. That kind of service, it has been observed by a leading text, is far more preferable than service by publication (1 Weinstein-Korn-Miller, NY Civ Prac, par 308.18, pp 3-229-3-230).

■ Nonetheless, it is necessary to decide, under the Federal standards, whether there exist such contacts of the defendant to the forum that it is reasonable to compel the defendant to appear in the forum to resist the action. Analyzing the relevant facts as they may affect the choice of forums in terms of permissible jurisdictional operation, it is evident that three forums are conceivable: New York, the residence of the plaintiff, California, the residence of the defendant, and the District of Columbia, the place of business of the Retirement and Disability System. Honduras and Nevada, in both of which the plaintiff and the defendant once lived with Carr under the bonds of matrimony, no longer have any material connection with them.

Of the three possible forums, the District of Columbia has the least contact with the parties. True, it is the situs of the agency charged with the administration of the benefits over which the parties are contesting, and it has accordingly established an economic relation with the defendant by choosing her as the beneficiary of the pension to which Carr's widow would be entitled. In another and more substantial sense, however, the Retirement and Disability System is truly a stakeholder, having no direct interest in the outcome of the dispute between the plaintiff and the defendant. Moreover, from the viewpoint of convenience, the District of Columbia as a forum has little advantage over New York, as to either the plaintiff or defendant.

---

3. CPLR 313 provides that service made outside the State gives personal jurisdiction if made in the same manner as service within the State, if the person served is subject to the jurisdiction of the court.

New York and California, located as they are on the opposite sides of the continent, have the same values of convenience or inconvenience relative to the parties. No doubt, the defendant would prefer that the action should be tried in California, but then the inconvenience to the plaintiff is manifest. The plaintiff resides in New York and other things being equal, should have the right to sue in New York. In any event, we think that the values of convenience and inconvenience are equally balanced.

■ However, there is a contact which New York possesses which has been traditionally recognized in matrimonial actions. The plaintiff claims that she left the marital abode in Honduras on account of cruel and inhuman treatment which she received from Carr and thereupon moved to New York where she assumed a permanent domicile and has lived ever since. Supposing the plaintiff's allegations to be true, as we must at the threshold, they support the conclusion that the marital *res* followed the domicile of the plaintiff (see *Dean v Dean,* 241 NY 240, 244, *supra; Hunt v Hunt,* 72 NY 217, 242, app dsmd 131 US Appendix clxv; *Vanderbilt v Vanderbilt,* 1 NY2d 342, affd 354 US 417; cf. *Geary v Geary,* 272 NY 390, 399). If Carr were living, the plaintiff would be enabled to sue in New York to establish her marital status, though Carr were domiciled and served in California (cf. *Diggs v Diggs,* 43 AD2d 912).

■ We note that from a legalistic view the marital *res* in New York no longer existed after Carr's death. Yet we see little, if any, difference under the strictures of due process and reasonableness in the choice of a forum between the issue of the validity of the foreign divorce in an action against Carr, if he were living, for a declaration that the plaintiff was his wife, and the issue of the validity of the foreign divorce in an action against the defendant for a declaration that the plaintiff is Carr's lawful surviving widow. New York in either case, under the doctrine of *International Shoe Co. v Washington* (326 US 310, *supra)* and *Shaffer v Heitner,* (432 US —, —; 45 USLW 4849, 4854, *supra),* maintains a continuing interest in the determination of its domiciliary's rights in the controversy over survivor's benefits to entertain the action and to exercise jurisdiction over the parties. Of course, it is no obstacle to jurisdiction that the ground advanced for justification of the exercise of the court's power may in the end as a matter of the merits of plaintiff's cause be found by the court not in fact

to exist.[4] Otherwise, the court indulges in circular reasoning, and the substantial issue is dwarfed by the threshold issue (cf. *Elman v Belson,* 32 AD2d 422, 424, 426).

## IV

It follows that the order dismissing the complaint should be reversed and the defendant's motion should be denied.

LATHAM, MARGETT and RABIN, JJ., concur.

Order of the Supreme Court, Orange County, entered March 22, 1977, reversed, without costs or disbursements, and motion denied.

---

4. That is to say, the plaintiff's assertion that she left Carr in Honduras to come to New York by reason of his misconduct toward her may ultimately be determined by the New York court to be baseless. Under such a finding, the plaintiff could not carry the marital *res* to New York. However, New York could not reach that determination on the jurisdictional issue, because it involves the substantive merits of plaintiff's claim.